UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LYONDELL CHEMICAL COMPANY, | : | Case No. 09-10023 (REG) |
| *et al.*, | : | Jointly Administered |
| Debtors. | : | |
| | : | |
| EDWARD S. WEISFELNER, AS | : | Adv. Pro. No. 10-05525 (REG) |
| LITGATION TRUSTEE OF THE | : | |
| LB LITGATION TRUST, | : | |
| | : | |
| Plaintiff, | : | |
| -v.- | : | |
| | : | |
| HOFMANN, *et al.*, | : | |
| | : | |
| Defendants. | : | |

DECISION AND ORDER ON MOTION FOR
CERTIFICATION OF DEFENDANT CLASS

APPEARANCES:

BROWN RUDNICK, LLP
*Counsel for Edward S. Weisfelner,*
  *as Litigation Trustee of the LB Litigation Trust*
Seven Times Square
New York, NY 10036
By:   Sigmund S. Wissner-Gross, Esq. (argued)

One Financial Center
Boston, MA 02111
By:   Steven D. Pohl, Esq.

WILMER CUTLER PICKERING HALE & DORR, LLP
*Counsel for Various Shareholder Defendants*
7 World Trade Center
New York, NY 10007
By:   Phillip D. Anker, Esq. (argued)
      Ross E. Firsenbaum, Esq.
      Hanna A. Baek, Esq.
      Ari J. Savitzky, Esq.

ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

In this adversary proceeding under the umbrella of the chapter 11 case of debtor Lyondell Chemical Company and its affiliates, in which the plaintiff Trustee of the LB Litigation Trust (the successor to the Lyondell estate) seeks to recover payments to Lyondell stockholders incident to an LBO, the Trustee moves for certification of a defendant class of those stockholders. The Trustee's class certification motion is opposed by stockholder defendants, who assert that certification of a defendant class would be inappropriate as a matter of class action law, and also would be premature.

The Court considers it entirely possible that sooner or later, certification of a defendant class of all stockholder recipients of LBO payments–though solely to decide issues that would be wholly common to all of them—would turn out to be appropriate. But at oral argument, the Court noted matters that might need to be addressed before getting to that point. In particular, the Court expressed questions and concerns as to:

(a) the need to allow defendant stockholders to assert any individual defenses they might have;

(b) manageability and other jurisprudential issues that might result if the Litigation Trust continued to proceed against "Mom and Pop" stockholders (even though the great bulk of the LBO consideration went to members of the prospective class who received LBO payments in the millions, tens of millions, and even hundreds of millions of dollars, and those entities could hardly be regarded as "Mom and Pop");

-2-

(c) the lack of usefulness of Fed. R. Civ. P. 23(b)(3), and the possible relevance of the "declaratory judgment" provisions of Rule 23(b)(2), along with the earlier request under Rule 23(b)(1)(B);

(d) the need to limit any class action, under Fed. R. Civ. P. 23(c)(4),[1] to one considering only wholly common issues; and, if so,

(e) whether notice might then be desirable or undesirable, especially if (as the Court might later consider to be preferable), class members might intervene, if they wish, but not opt out.

The Litigation Trust offered to submit a revised proposed class action order in an attempt to respond to those concerns. The Court advised both sides, at the conclusion of oral argument, that it would permit the Litigation Trust to do so, but that it would also allow the defendants to submit a response as to whether the Litigation Trust's submission of a revised class action order, without more, would be enough.

The Litigation Trust has now submitted the promised revised proposed class action order. But perhaps not surprisingly, the defendants have responded that the changes in the requested relief are too major to deny defendants further opportunity to be heard with respect to what the defendants say is in substance a different motion. The defendants also continue to press their contention that while a motion to dismiss that they had filed is *sub judice*, and matters in the Second Circuit, in other cases, might affect proceedings in *Lyondell*, addressing class certification here and now would be premature.

The Court is not persuaded by all of the defendants' contentions (which given the Court's determination here, need not be addressed at length), but agrees with enough of

---

[1] That provision provides that "[w]hen appropriate, an action may be brought or maintained as a class action with respect to particular issues."

-3-

the defendants' points to agree that class certification now cannot be granted. Awaiting the decisions on other fronts is desirable, even if not essential. But more fundamentally, the issues as to the relief the Litigation Trust would seek; the entities who would be members of the desired class; and the provision(s) of Fed. R. Civ. P. 23 on which the Litigation Trust would proceed are sufficiently major to require a new or dramatically amended class certification motion.

The Litigation Trust can, and must, file one. At this point, its motion for class certification is denied without prejudice. Class certification cannot be granted now, either as originally proposed or as it might be granted pursuant to the Litigation Trust's new form of order alone.

SO ORDERED:

Dated: New York, New York         *s/Robert E. Gerber*
      September 15, 2015         United States Bankruptcy Judge